UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| DARREN POLSTON | CIVIL ACTION NO. 6:16-cv-16-KKC |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| MILLENNIUM OUTDOORS, LLC, OUTDOOR DISTRIBUTORS, LLC, and HUNTING SOLUTIONS, INC., (d/b/a Hunting Solutions USA), | |
| **Defendants.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on Plaintiff's Motion to Remand. [DE 9]. For the reasons stated herein, the Court will deny the Motion to Remand.

## I. BACKGROUND

Plaintiff, Darren Polston ("Polston"), originally filed this products liability action in the Pulaski Circuit Court, alleging that his injuries were caused by a defect in a tree stand he was using at the time of his accident. As of the most recent filing in this case, Millennium Outdoors, LLC ("Millennium") is the only Defendant that has been served. [DE 11 at 1.] Millennium timely filed its Notice of Removal within thirty days of receiving notice of this lawsuit. [DE 1.]

In its Notice of Removal, Millennium stated that neither Outdoor Distributors, LLC ("Outdoor Distributors") nor Hunting Solutions, Inc. ("Hunting Solutions") had yet been served with the Complaint. [DE 1 at 2.] Millennium further stated that "an officer of both companies has agreed to this removal petition." [DE 1 at 2.] The Notice of Removal was signed by Carla De La Barra Helstrom, as counsel for Millennium. [DE 1 at 5.] In support,

Millennium also submitted an affidavit from Barry B. Sutton, who represents Hunting Solutions in another lawsuit pending in Alabama. [DE 1-1; 11 at 3.] Mr. Sutton's affidavit states that he spoke with Bill Alexander, the owner and president of Hunting Solutions and Outdoor Distributors, and that Mr. Alexander consented to removal on behalf of both entities. [DE 1-1 at 2-3.]

Following removal, Polston filed the present Motion to Remand, arguing that the Defendants did not comply with the rule of unanimity. [DE 9.] Polston does not contest the removal on any other grounds. Millennium responded and submitted another affidavit, this time from Mr. Alexander himself, which affirms that he spoke with Mr. Sutton and provided consent to the removal on behalf of Hunting Solutions and Outdoor Distributors. [DE 11-2 at 1-2.]

## II. ANALYSIS

The Defendants satisfied the rule of unanimity, as interpreted by the Sixth Circuit, when Millennium removed this action to federal court. Millennium's Notice of Removal was signed by counsel and stated that Hunting Solutions and Outdoor Distributors agreed to the removal, which is sufficient under *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004).

"The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 n. 3 (6th Cir.1999). "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003)

In *Harper v. AutoAlliance Int'l, Inc.*, the Sixth Circuit adopted a "vouching" rule for achieving unanimity, which allows counsel for one defendant to represent in the notice of removal that a co-defendant also consents to removal. 392 F.3d at 200-02; *see also Schmidt v. PennyMac Loan Servs, LLC,* 106 F. Supp. 3d 859, 866 (E.D. Mich. 2015) (citing *Harper*) (a defendant can "manifest consent even without a separate writing or signature if, for example, the notice of removal states that all defendants consent to it."). Put simply, a defendant can vouch for a co-defendant's consent to removal.

The *Harper* Court held that a statement affirming an individual defendant's consent in the other defendants' notice of removal complied with the rule of unanimity even though neither the individual defendant nor his counsel directly expressed their consent to the removal. *Id.* The notice of removal in *Harper*, which was signed by counsel for the removing defendants, included the following statement:

> Counsel for AutoAlliance, AAI and Childress has obtained concurrence from counsel for the UAW, who represents defendant Jeffrey Kelly, in removing this matter.

*Id.* at 201. The Court held that this representation satisfied the rule of unanimity. It reasoned that the removing defendants' attorney was bound by Rule 11 by virtue of signing the notice of removal, and would therefore be subject to sanctions if the representation of Kelly's consent turned out to be false. *Id.* at 201-02. Furthermore, the Court noted that Kelly would "no doubt" have brought any misrepresentation to the Court's attention if he opposed removal. *Id.* at 202. For these reasons, the Court found that the removing defendants' representation of the co-defendant's consent was trustworthy.

The Court went on to state that, even assuming *arguendo* that Kelly needed to file a written concurrence on his own behalf, Kelly met that requirement when he later stated in his answer that jurisdiction was proper in the federal district court. *Id.* ("Thus, the district

3

court correctly concluded that Kelly's answer complied with the rule of unanimity.")

Moreover, Kelly's opposition to the motion to remand "cured any purported defect in the

removal petition." *Id*. Thus, the Sixth Circuit held that a subsequent filing that establishes

consent to removal can fix a deficiency in a notice of removal.

In the present case, it is clear that the Defendants complied with the rule of

unanimity as interpreted in *Harper*. Millennium's Notice of Removal states:

> Defendants Outdoor Distributors, LLC and Hunting Solutions
> Inc. (d/b/a Hunting Solutions USA) have not been served with
> the Complaint. However, an officer of both companies has
> agreed to this removal petition. *See* **Exhibit A**, *Affidavit of
> Barry B. Sutton*.

[DE 1 at 2.] (emphasis in original). Mr. Sutton's affidavit states, "On behalf of both Hunting

Solutions, Inc. and Outdoor Distributors, LLC, Mr. Alexander consented to the removal of

this action to Federal Court." [DE 1-1 at 3.] These statements indicated that all of the

Defendants consented to removal and therefore satisfied the rule of unanimity.

Furthermore, Bill Alexander's affidavit, which was submitted with Millennium's

Response to the Motion to Remand, confirms that he provided consent to the removal. [DE

11-2 at 2.] As the *Harper* Court explained, this subsequent written manifestation of consent

would cure any purported defect in the Notice of Removal, if such a defect actually existed.

*Id*. at 202.

Polston argues that the *Harper* "safeguards" do not apply under the circumstances of

this case. [DE 9-1 at 4-5.] In other words, Polston argues that the rationale underlying the

*Harper* decision is not present in this action. Specifically, he asserts that because neither

Hunting Solutions nor Outdoor Distributors have been served, they have "no way of

knowing what has been asserted by counsel for Millennium and, thus, have no way to bring

a misrepresentation to the court's attention." [DE 9-1 at 4.] Thus, Polston argues, the Court

"cannot be certain that either non-participating defendant (Outdoor or Hunting) would or even could bring a misrepresentation to its attention since they are, by nature, not participating in the litigation." [DE 9-1 at 4.] Second, Polston asserts that Rule 11 does not apply to Mr. Sutton because he did not sign the Notice of Removal itself, which purportedly eliminates part of the rationale for the *Harper* decision. [DE 9-1 at 4.]

Neither of Polston's arguments are persuasive. First, Mr. Alexander's affidavit confirms that Hunting Solutions and Outdoor Distributors did indeed consent to the removal. [DE 11-2.] Therefore, the Court need not worry about what those parties might or might not know, or their ability to bring a misrepresentation to the Court's attention. They clearly have knowledge that this action was removed and possess the means to communicate with the Court, especially now that Mr. Sutton has been admitted *pro hac vice*. [DE 7.] Through Mr. Alexander, their owner and president, Hunting Solutions and Outdoor Distributors specifically affirmed that there was no misrepresentation. Ultimately, Mr. Alexander's affidavit allays any concerns about a misrepresentation in Millennium's Notice of Removal. Polston presumably still intends to pursue his claims against Hunting Solutions and Outdoor Distributors, and should therefore serve those parties as soon as possible.

Second, Polston ignores that Ms. Helstrom, as counsel for Millennium, signed the Notice of Removal. [DE 1 at 5.] Rule 11 clearly applies to her statement that the other Defendants agreed to the removal. Fed. R. Civ. P. 11(b). In *Harper*, like in the present case, only the removing defendant's counsel signed the notice of removal. 392 F.3d at 201. ("The notice of removal was signed by counsel for AutoAlliance, AAI and Childress, but not Kelly's counsel."). Thus, it was not necessary for Mr. Sutton to also sign the notice. Moreover, Polston overlooks that Mr. Sutton's affidavit was given under oath and is itself

5

subject to Rule 11 because it is an "other paper" submitted by an attorney. Fed. R. Civ. P. 11(b). If anything, Millennium went above and beyond the *Harper* requirements by including Mr. Sutton's affidavit in addition to the Notice of Removal.

### III. CONCLUSION

This case falls squarely under *Harper*, meaning that the rule of unanimity was satisfied because Millennium stated that the other Defendants consented to the removal in its Notice of Removal. Accordingly, the Court **HEREBY ORDERS** that Polston's Motion to Remand [DE 9] is **DENIED**.

Dated May 19, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY