UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **DARREN POLSTON,** | CIVIL ACTION NO. 6:16-CV-16-KKC |
| Plaintiff, | |
| V. | <u>OPINION AND ORDER</u> |
| **MILLENNIUM OUTDOORS, LLC, OUTDOOR DISTRIBUTORS, LLC, and HUNTING SOLUTIONS, INC., (d/b/a Hunting Solutions USA),** | |
| Defendants. | |

This matter is before the Court on plaintiff Polston's motion for an Entry of Default (DE 22) against Outdoor Distributors, LLC ("Outdoor"). He claims that he properly served Outdoor on January 15, 2016 and that Outdoor did not file an answer or otherwise respond within the time limits of Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure. (DE 22-1; DE 22-2). Jimmy Edwards, on behalf of Outdoor, has filed two pro se letters in response. Edwards states that he did not receive notice of the complaint until October 2016 and argues that, in any event, Outdoor is not liable for Polston's injuries. The Clerk of Court has construed Mr. Edward's letters as Outdoor's Objections to the Plaintiff's Motion for Entry of Default (DE 23), Outdoor's Motion for Extension of Time to File an Answer (DE 24), and Outdoor's Motion to Dismiss (DE 28). Mr. Edwards has also submitted on behalf of Outdoor a pro se answer. (DE 31).

Upon review of these motions, a previously undiscovered issue has become apparent. One of first principles. Outdoor is not represented by counsel. This renders any action on its behalf ineffectual because a corporate entity "cannot appear in federal court except through an attorney." *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Van Lokeren v. City of Grosse Pointe Park, Mich.*, No. 13-14291, 2014 WL 988965, at *7 (E.D. Mich. Mar. 13, 2014) ("[A] limited liability company also may appear in federal court only through a licensed attorney.") (internal citations omitted). Thus, any attempt by Mr. Edwards to represent Outdoor is futile.

This finding leads to another issue. If Outdoor has not retained counsel and never consented to the removal through an attorney, was the original removal of this action valid? The Court is inclined to answer that it was not and order that this action be remanded to the Circuit Court of Pulaski County, Kentucky. As it stands, it appears that Millennium's removal was predicated on ineffectual consent and that the rule of unanimity was never satisfied. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004).

Before remanding this action, **IT IS HEREBY ORDERED** that:

1. The parties **SHALL** each submit briefs of points and authorities discussing the issue of whether the original removal action was valid. As part of the submissions, the parties are directed to specifically address the applicability of the law set forth in the following case: *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807 (N.D. Ohio 2008).

2. The parties **SHALL** each submit a brief not to exceed six (6) pages addressing the singular issue specified above. The parties are not to file response and/or reply briefs.

3. The briefs **SHALL** be submitted no later than fourteen (14) days upon the entry of this Order.

**IT IS SO ORDERED**.

Dated February 8, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY