UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| DARREN POLSTON, | CIVIL ACTION NO. 6:16-CV-16-KKC |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| MILLENNIUM OUTDOORS, LLC, OUTDOOR DISTRIBUTORS, LLC, and HUNTING SOLUTIONS, INC., (d/b/a Hunting Solutions USA), | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

Plaintiff Darren Polston was injured while hunting from a tree stand. He filed this personal injury action against defendants Millennium Outdoors, LLC ("Millennium"), Hunting Solutions, Inc. ("Hunting") and Outdoor Distributors, LLC ("Outdoor") in Kentucky state court. Defendant Millennium removed the action to federal court. Polston sought to remand the case, but this Court denied his motion based on the "vouching" rule for unanimity, which allows counsel for one defendant to represent in the notice of removal that a co-defendant also consents to removal. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004). It was this Court's judgment that Hunting and Outdoor gave valid consent to Millennium to remove the action.

Polston filed a motion for an Entry of Default (DE 22) against Outdoor on October 17, 2016. He claims that he properly served Outdoor on January 15, 2016 and that Outdoor did not file an answer or otherwise respond within the time limits of Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure. In response, Jimmy Edwards, the sole Member of Outdoor,

1

filed two Pro Se Letters on behalf of Outdoor. Mr. Edwards states that he did not receive notice of the complaint until October 2016 and argues that, in any event, Outdoor is not liable for Polston's injuries. The Clerk of Court has construed Mr. Edwards' letters as Outdoor's Objections to the Plaintiff's Motion for Entry of Default (DE 23), Outdoor's Motion for Extension of Time to File an Answer (DE 24), and Outdoor's Motion to Dismiss (DE 28). On December 28, 2016, Mr. Edwards filed an Answer on behalf of Outdoor. (DE 31). The Court has subsequently denied Outdoor's motion to dismiss. (DE 28).

In reviewing these motions, a larger issue has become apparent. Outdoor is not represented by counsel. Because a corporate entity "cannot appear in federal court except through an attorney," Edward's actions on Outdoor's behalf are ineffective. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Van Lokeren v. City of Grosse Pointe Park, Mich.*, No. 13-14291, 2014 WL 988965, at *7 (E.D. Mich. Mar. 13, 2014) ("[A] limited liability company also may appear in federal court only through a licensed attorney.") (internal citations omitted). Thus, any attempt by Mr. Edwards to represent Outdoor is futile. The issue then becomes whether the original removal of this action valid. Upon reconsideration, the answer is no. Because the "consent" given by Outdoor was not given by its own counsel, the "consent" obtained by Millennium in its Notice of Removal (DE 1) was ineffective to satisfy the rule of unanimity. It is, therefore, the Court's determination that remand is appropriate in this case.

## BACKGROUND

Plaintiff Darren Polston filed a complaint in Pulaski Circuit Court on December 11, 2015. Polston alleged various claims of products liability arising out injuries sustained while using a tree stand. (DE 1). On January 26, 2016, Millennium timely filed a notice of removal after receiving notice of the lawsuit. (DE 1). The same day Millennium filed its Answer. (DE 3).

2

Polston then filed a motion to remand (DE 9) arguing that Millennium failed to meet the unanimity requirement under 28 U.S.C. § 1446. Millennium argued, through affidavits submitted by Millennium's counsel, Barry Sutton, and the President of Outdoor and Hunting, Billy Alexander, that removal was appropriate and the rule of unanimity satisfied because both Hunting and Outdoor consented to the removal of the action. (DE 12, at 2; DE 10-2). Both affidavits also stated that neither Hunting nor Outdoor had been served at the time of removal. (DE 1-1, at 2; 11-2, at 1). On May 19, 2016, this Court denied Polston's motion to remand. (DE 12). After the Court's order, Hunting Solutions filed its answer on June 9, 2016. (DE 13).

Fast forward five months. On October 17, 2016, Polston filed a Motion for Entry of Default against Outdoor Distributors (DE 22). At that point, Outdoor had not answered or otherwise responded. According to Polston, on December 15, 2015, the Kentucky Secretary of States mailed a copy of the summons and complaint via certified mail to Outdoor. On January 15, 2016, the Kentucky Secretary of State made a return to the Clerk of Pulaski Circuit Court, showing that service had been attempted but the complaint was undeliverable. (DE 22-1). The address used and returned "attempted not know/unable to forward" (DE 22-2) was as follows:[1]

> Outdoor Distributors, LLC
> Registered Agent: Billy Alexander
> 125 Dogwood Circle
> Brandon, MS 39042

On October 21, 2016 Outdoor responded in the form of a letter. (DE 23). The Clerk construed the letter as both an objection to the Entry of Default and a motion for an extension of time to file an answer. (DE 23, 24). The letter, written by Jimmy Edwards, states that he

---

[1] This is the current address listed on the Mississippi Secretary of State website. *See* Miss. Sec'y of State Website, https://corp.sos.ms.gov/corp/portal/c/page/corpBusinessIdSearch/portal.aspx#clear=1

3

did not receive notice of the lawsuit until October 19, 2016 because the original notice was not sent to the correct address. Instead, he wrote, the proper address for all correspondence to the matter should have been sent to:

> Outdoor Distributor, LLC
> Attn: Jimmy Edwards
> PO Box 97957
> Pearl, MS 39208

Mr. Edwards then asked this Court not to enter default because "[Outdoor] need[s] time to obtain council (sic) in this matter." (DE 23). Mr. Edwards also denied "any and all claims or responsibility" in response to Polston's Complaint. (DE 23).

On November 4, 2016 Mr. Edwards submitted another Pro Se Letter on behalf of Outdoor. (DE 27, 28). Responding to Polston's brief in support of Entry of Default, (DE 25, 26), Mr. Edwards explained that Billy Alexander was no longer a part of Outdoor (and had not been since October, 8 2014) and that his appearance on the Mississippi Secretary of State website as a Registered agent was an oversight. (DE 27). He also stated that the zip code listed on the website was incorrect. In the same letter, Mr. Edwards asked that Polston's complaint be dismissed, "as Outdoor has no role in design, manufacture (sic), quality control or import of any product." (DE 28). Polston then responded to the Pro Se Letter, which the Clerk construed as a Motion to Dismiss, arguing that the motion was both inadequately plead and premature. (DE 29, at 2). Mr. Edwards then filed an Answer on behalf of Outdoor. (DE 31).

## DISCUSSION

In his Pro Se Letters and Answer, Mr. Edwards attempts to proceed on behalf of Outdoor. But this is something he cannot do.

Title 28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

This right to appear *pro se* in federal court is of esteemed origin. *See Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 830 (1824) (Marshall, C.J.). However, the right applies to individuals, not to juridic persons. As the Supreme Court of the United States has recognized, § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). *See also Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("[A] corporation cannot appear in federal court except through an attorney."). This rule applies alike to limited liability companies. "Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms," "a limited liability company also may appear in federal court only through a licensed attorney." *Van Lokeren v. City of Grosse Pointe Park, Mich.*, No. 13-14291, 2014 WL 988965, at *7 (E.D. Mich. Mar. 13, 2014) (quoting *Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d. Cir. 2007). *See also United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008); *Dougherty v. Snyder*, 469 F. App'x 71, 72, 2012 WL 942121, at *1 (3d. Cir. 2012) (per curiam) (holding that a single-member limited liability company had to be represented by attorney both in context of litigation and on appeal); *Parris v. Herman*, 211 F.3d 1270, 2000 WL 571932 at *2 (6th Cir. 2000) (corporations and partnerships must be represented in court by an attorney and may not be represented by an officer). As an officer of Outdoor—a limited liability company—Mr. Edwards cannot represent Outdoor's interests in federal court.

It follows, then, that the Court cannot consider Outdoor's Answer (DE 31) or grant relief for Outdoor on its pending Objections to the Plaintiff's Motion for Entry of Default (DE

23), Motion for Extension of Time to File an Answer (DE 24), or Motion to Dismiss (DE 28) as they stand.

1. Issue of Removal

But this conclusion begs the larger question of how Outdoor, whose name had not appeared on the active docket before Mr. Edwards' letters, consented to the removal of this case if it was not represented by counsel. This issue requires the Court to re-examine its previous Opinion (DE 12) denying Plaintiff's motion to remand.

   a. *May 19, 2016 Opinion and Order*

Removal jurisdiction exists where the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Millennium sought to remove the action under Section 1441(a) based on diversity jurisdiction. Section 1446(b)(2)(A) provides that a civil action may be removed to federal court when brought under § 1441(a) only if "all defendants who have been properly joined and served . . . join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Whether removal was proper here turns on the "rule of unanimity."

Unanimity of consent is a judicially crafted rule derived from the federal removal statute § 1446(b)(2)(A), s*ee Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003), that requires all defendants who have been properly joined or properly served in an action to consent to, or join in, a petition to remove an action to federal court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999). Unanimity is satisfied when counsel for one defendant represents in the notice of removal that a co-defendant also consents to removal. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195 (6th Cir. 2004).

> Millennium's Notice of Removal stated:
>
> Defendants Outdoor Distributors, LLC and Hunting Solutions Inc. (d/b/a) Hunting Solutions USA) have not been served with the Complaint. However, an officer of both companies has agreed to this removal petition. See Exhibit A, Affidavit of Barry B. Sutton.

(DE 1, at 2). To cure what Millennium saw as a defect in its efforts to remove, the Notice of Removal it included an affidavit from Mr. Sutton, an attorney for Millennium (and later for Hunting Solutions) manifesting the consent of both its co-defendants. Mr. Sutton stated: "On behalf of both Hunting Solutions, Inc. and Outdoor Distributors, LLC, Mr. Alexander [owner and president of Hunting Solutions and Outdoor] consented to the removal of this action to Federal Court." (DE 1-1, at 3). Millennium also included an affidavit from Mr. Alexander himself that confirmed that Hunting and Outdoor had not yet been served with the complaint and consented on behalf of both Hunting and Outdoor to the removal of the action. (DE 11-2, at 2). Because "Millennium's representation in its removal petition that all defendants consented" Millennium argued that the rule of unanimity had been satisfied under *Harper*. (DE 11, at 10).

In *Harper*, the Sixth Circuit adopted the "vouching" rule as it related to the unanimity requirement. *See Harper*, 392 F.3d at 201. "Vouching" allows counsel for one defendant to represent in the notice of removal that a co-defendant also consents to removal. *Id*. Applying *Harper*, this Court concluded that Millennium complied with the rule of unanimity through the manifestations of consent through Mr. Sutton and Mr. Alexander's affidavits. (DE 12) ("In the present case, it is clear that the Defendants complied with the rule of unanimity as interpreted by *Harper*. . . . These statements [affidavits from Mr. Sutton and Alexander] indicated that all of the Defendants consented to removal and therefore satisfied the rule of unanimity."). Accordingly, the Court denied Polston's motion to remand. (DE 12).

*b. Reconsideration*

That conclusion, however, does not take into account that Outdoor, a corporation, is not represented by legal counsel. As stated above, it is well established that § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202. The issue then becomes whether a corporate entity can consent to removal if it does so through a non-attorney. It cannot.

In *City of Cleveland v. Deutsche Bank Trust Co.*, a district court in the Sixth Circuit confronted this issue. Consistent with this Court's previous opinion, *City of Cleveland* noted that *Harper* "stands for the proposition that a party seeking to remove a case to federal court need do no more than obtain the consent of his fellow defendants and make a timely representation of that consent to the court." 571 F. Supp. 2d 807, 815 (N.D. Ohio 2008). Notably, however, the court continued, albeit in dicta: "The individual co-defendants are not required to do anything (other than to indicate their consent verbally to the removing defendant's lawyer and, **if the defendant is a corporation, do so through an attorney)**." *Id.* (emphasis added). From that, *City of Cleveland* reaffirmed corporate entity "cannot consent to removal through a non-lawyer representative," which in the court's view was "consonant with the axiom that a corporation cannot appear in federal court except through an attorney." *Id.* at 818. Courts to confront this issue have held the same. *See e.g., Commonwealth Advisors Inc. v. Wells Fargo Bank, Nat'l Ass'n*, No. 15–CV–7834, 2016 WL 3542462, at *2 (S.D.N.Y. June 23, 2016) (collecting cases).[2] Such a conclusion is logical. If a

---

[2] In full, *Commonwealth* cited the following:
> *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 816-18 (N.D. Ohio 2008) (citing cases); *see also, e.g., Cluck-U Corp. v. Docson Consulting, LLC*, No. 11-CV-1295 (MCC), 2011 WL 4073129, at *3 (M.D. Pa. Aug. 30, 2011) ("[I]t is also widely recognized that a non-lawyer cannot remove or consent to removal [of a case to federal court] on behalf of a corporation." (internal quotation marks omitted) (gathering cases)); *Forth's Food, Inc. v. Allied Ben. Adm'r, Inc.*, No. 07-CV-0670 (RCC), 2008 WL 88610, at *2 (S.D. W. Va. Jan. 7, 2008) ("A non-lawyer cannot bind a corporation for the purposes of consenting to removal."); *Topside, Inc. v. Topside Roofing & Siding Constr. Inc.*, No. 01-CV-0038 (ADM) (AJB), 2001 WL 420159, at *2-3 (D. Minn. Apr. 23, 2001) ("As a non-attorney, Willis cannot represent [the corporate defendant].

8

corporate entity cannot represent itself, then it cannot take actions to represent itself, such as consenting to removal, by itself.

In light of those holdings, the Court is compelled to conclude that its earlier denial of remand was erroneous. Outdoor's "consent" to Millennium's Notice of Removal does not satisfy the rule of unanimity, even under *Harper*.

The Notice of Removal was signed only by Carla De La Barra Helstrom, an attorney for Millennium. Assuming joinder and process pursuant to § 1446(b)(2)(A) are met, the only way Millennium could properly remove was to get consent from the other defendants. Millennium attempted to do so. In its Notice of Removal, Millennium states that "an officer of both companies [Hunting Solutions and Outdoor] has agreed to this removal petition." (DE 1, at 2). However, as explained in *City of Cleveland*, the rule of unanimity requires the consent of an attorney if the party seeking to consent is a corporate entity. 571 F. Supp. 2d at 815. In that case, *City of Cleveland* held that the rule in *Harper* was satisfied when each of the consents by certain defendants "was signed by an attorney" and that "the nine individuals who signed the consents submitted declarations stating that they are attorneys and that they each had authority to consent to removal on behalf of their respective principals." *Id.* at 818.

Applying this rule, it is clear that both Mr. Alexander and Mr. Sutton's affidavits, which are the only sources of consent, are ineffectual.

---

The removal petition is thus inoperative regarding [that defendant]."); *Codapro Corp. v. Wilson*, 997 F. Supp. 322 , 326 (E.D.N.Y. 1998) (holding that a non-lawyer individual defendant's consent on behalf of six corporate defendants was invalid); *cf. Foley v. Allied Interstate, Inc.*, 312 F. Supp. 2d 1279, 1283 (C.D. Cal. 2004) (holding that a consent to removal filed by the general counsel of a corporation was valid because "[g]eneral counsel has implied power to conduct and approve actions concerning the legal affairs of the corporation").

9

First, the "consent" given by Mr. Alexander affidavit is ineffectual upon a straightforward application of the rule. He fails to provide consent simply because he does not and cannot represent Outdoor in this litigation.

Whether Mr. Sutton's "consent" was effective is the more difficult issue. It is true that Mr. Sutton is an attorney and that he gave consent through an affidavit after he spoke to Mr. Alexander. It would follow, at first blush, that Mr. Sutton did what attorneys do every day: he acted at the direction of a client. As Millennium argues, "there is no dispute that the owner/president of Hunting Solutions and member/president of Outdoor Distributors provided authority to defense counsel to consent to removal." (DE 11). That is true as far as it goes, but it is inadequate to satisfy the rule of unanimity. Mr. Sutton, who was *not* Outdoor's attorney, merely relayed the consent given by Mr. Alexander, an officer of Outdoor. Mr. Sutton did not give his consent on behalf of Outdoor. This distinction makes a difference.

In his first affidavit, Mr. Sutton clearly states that "he is counsel for Millennium Outdoors, LLC" and that he "contacted and spoke with Billy Alexander, the owner and president of Hunting Solutions, Inc. and Outdoor Distributors, LLC". (DE 1-1, at 2). On the last line, he states: "On behalf of both Hunting Solutions, Inc. and Outdoor Distributors, LLC, Mr. Alexander consented to the removal of this action to Federal Court." (DE 1-1, at 3). In his second affidavit, Mr. Sutton states that he was counsel for Hunting Solutions, Inc. in an earlier lawsuit and based upon his representation of Hunting Solutions in that case "[he] was able to contact the owner and president of Hunting Solutions, Inc. and Outdoor Distributors, LLC related to the Notice of Removal being filed in this case on behalf of Millennium Outdoors, LLC." (DE 11-1, at 1). Contrary to what Millennium's argument that "Outdoor Distributors and Hunting Solutions consented to the removal and, via its counsel, conveyed that consent," (DE 11, at 10), nothing in these affidavits or otherwise in the record, indicates that Mr. Sutton represented Outdoor when he purportedly gave consent. In fact, he expressly

10

states that he was representing Millennium, (DE 1-1, at 2), the party needing consent from Outdoor. Moreover, his second affidavit states that he sought out Mr. Alexander because of a prior relationship. It does not say that he is acting on behalf of Outdoor. Nor could he. Outdoor was not at that point and has never been represented by counsel in this matter— that is the reason we are here in the first place.

Moreover, none of the case law cited by Millennium in opposition to remand stands for the proposition that a corporate entity can consent to removal through a non-lawyer representative altogether.

*Harper* did hold that a statement affirming an individual defendant's consent in the other defendants' notice of removal complied with the rule of unanimity even though neither the individual defendant nor his counsel directly expressed their consent to the removal. *Harper*, 392 F.3d at 200–02. Specifically, it held that the following notice of removal was sufficient to satisfy the unanimity requirement:

> Counsel for AutoAlliance, AAI and Childress has obtained concurrence from counsel for the UAW, who represents defendant Jeffrey Kelly, in removing this matter.

*Id.* at 201. But *Harper* did not address the specific question at issue here. *Harper* discussed the "vouching rule" in general and applied it to a person, defendant Kelly. It does not address nor does it excuse the requirement that a corporate entity must be represented by counsel. Thus, in coming to the conclusion that Outdoor did not give consent, *Harper's* general holding, although a threshold issue that must be addressed, does not end the analysis.

Along with *Harper*, Millennium relies on *Friedlander v. Figuerado*, No. 5:14-cv-4, 2014 U.S. Dist. LEXIS 59698, at *17 n.1 (E.D. Ky. April 30, 2014) and *Lindon v. Kakavand*, No. 5:13-26, 2013 U.S. Dist. LEXIS 138812, at *11-12 (E.D. Ky. Sept. 27, 2013) for further support that this case, too, is just a straightforward application of *Harper*. But these cases do not do the work Millennium needs them to do. In *Friedlander*, the court found that the

11

statement and representation in the Notice of Removal "was sufficient to satisfy the unanimity requirement of 28 U.S.C. § 1441(a)," when the Notice included the following:

> Undersigned counsel has contacted counsel for the other Defendants, and they have indicated their consent to removal.

2014 U.S. Dist. LEXIS 59698, at *17, n.1. In *Lindon*, the court again found removal proper under *Harper* where the Notice of Removal stated:

> Defendant KMSF [a corporation] has not yet been served, but in the event it is served, the undersigned counsel will represent KMSF in this action. KMSF hereby consents through counsel to the removal of this action.

2013 U.S. Dist. LEXIS 138812, at *11–12.

But compare the Notice of Removals in *Harper*, *Friedlander*, and *Lindon* to the one in the present case:

> Defendants Outdoor Distributors, LLC and Hunting Solutions Inc. (d/b/a) Hunting Solutions USA) have not been served with the Complaint. However, an officer of both companies has agreed to this removal petition. See Exhibit A, Affidavit of Barry B. Sutton.

(DE 1, at 2).

Missing is consent from counsel of Outdoor. The contrast is most clearly seen in comparison with *Lindon*.  In *Lindon*, counsel stated (1) that counsel would represent KMSF if served and (2) that KMSF consented through counsel to the removal. *See Lindon*, 2013 U.S. Dist. LEXIS 138812, at *11–12.  In this case, there is nothing in the record to indicate Mr. Sutton had the authority to remove on behalf of Outdoor. He was just told by Mr. Alexander that Mr. Alexander gave his consent and submitted an affidavit saying so as an attorney for Millennium. Mr. Sutton's affidavits do not relay this consent in a representative capacity because there is nothing in the record to establish that he had authority to do so as an attorney for Outdoor. For Mr. Sutton's affidavit to be proper under *Harper*, it must state that he represented Outdoor and that he had consent from the company to remove. It does not do so.

Millennium and Hunting beg to differ.

First, Millennium and Hunting argue that this Court misreads *City of Cleveland* because "in addressing the consent issue, the *City of Cleveland* Court noted that the cases cited on this issue had 'questionable precedential value' and came 'from a handful of opinions (only one of which is published) from various district courts outside the Sixth Circuit." (DE 37, at 5) (citing *City of Cleveland*, 571 F. Supp. 2d at 816). But a close reading of the text cited shows that the "questionable" precedent with which the *City of Cleveland* has its scruples referred to the plaintiff's attempt to argue that "effective counsel could be consented to only by a defendant's outside litigation counsel." *City of Cleveland*, 571 F. Supp. 2d at 818. Those cases plaintiff cited in support, *City of Cleveland* held, stood for nothing but the "well-established and applies in this circuit; that is, that a corporation cannot appear in federal court *pro se*, but must be represented by counsel." *Id.* at 816. This is wholly consistent with this Court's reading in this case.

Next, Millennium and Hunting argue that nothing *City of Cleveland* mandates such a reading of *Harper* because "communicating consent to removal **to an attorney, outside of court,** does not equate to making an appearance or acting directly in Federal Court, meaning that case law applying appearances in court does not apply to consent in removal in this Circuit." (DE 37, at 4) (emphasis in original). In other words, the parties argue that under *Harper* "a company need only communicate consent to an attorney for another party, who then removes the case and acts in the court under penalty of Rule 11." (DE 37, at 4).

The rule of unanimity, however, is not so malleable. And this case is a prime example of why. Polston is seeking a default judgment against Outdoor because Outdoor did not answer his complaint, and, as the Court has stated, Outdoor cannot do so except through an attorney. According to Millennium and Hunting, though, Mr. Alexander consented on behalf

13

of Outdoor to the removal. But Mr. Alexander is no longer a part of Outdoor. So now the party who provided consent to the removal has left the company, binding Mr. Edwards to a lawsuit in federal court that he had no knowledge existed until recently. Requiring corporations to consent through its counsel prevents this kind of dilemma. Millennium and Hunting argue that "any rule which requires companies to hire attorneys for the sole purpose of communication consent **to another attorney** would be [] arbitrary and unnecessarily rigid . . . ." (DE 37, at 4) (emphasis in original). But the question must be asked: if a corporation does not have to have an attorney to consent to removal and can give consent through a corporate officer to an attorney of another party, how then will the consenting corporation participate in the rest of the litigation in federal court? Allowing an unrepresented corporate defendant to short-circuit the rule of unanimity does little to cure the most latent defect of the removal—that a corporation cannot participate in this case without representation. [3]

It is not a rigid reading or arbitrary assessment of *Harper* to require that *that* corporation's counsel give consent (or take corrective action to consent) to satisfy unanimity, rather than to allow counsel for another party convey the consent of a corporation given by a corporate officer, because all roads lead to the same result: in order for the corporation to act in federal court a corporation must have counsel. So whether a party retains counsel to

---

[3] There is one other way around requiring consent by an attorney of a corporation at the time of removal. *Harper* leaves room for parties to take corrective action to fix a deficiency in removal. The court held that a subsequent filing that establishes consent to removal can fix a deficiency in a notice of removal. *Harper*, 392 F.3d at 202. Specifically, defendant Kelly, who did not file a written concurrence on his own behalf at the time of the notice of removal, the court found that the rule of unanimity was nevertheless satisfied because "Kelly complied with the rule when he filed his answer within 30 days of being served with the complaint." *Id.* at 202. But, Outdoor has not taken corrective action to assuage the rule. Black letter law invalidates any actions taken by Mr. Edwards on behalf of Outdoor because Mr. Edwards cannot represent Outdoor. *See Rowland*, 506 U.S. at 202; *Reich v. Pierce* (table), 45 F.3d 431, n. 1 (6th Cir. 1994) ("It is insufficient that the person attempting the representation is an officer of the corporation.")(citing *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir.1970)); *Grill v. A-1 Amusement & Party Rental, Inc.*, No 6-cv-02, 2007 WL 2122169, at 2 (E.D. Ky. July 20, 2007) ("[C]orporations and non-incorporated organizations are artificial entities which exist only as a legal fiction," and "cannot appear *pro se* in any Federal court litigation.") (internal citations omitted).

consent or retains counsel to take corrective action after it consents, it must, at bottom, act through an attorney.

What occurred in this case is what is not allowed: a corporate entity consented to removal through a non-lawyer representative. Thus, the Notice of Removal that relies on the consent of Mr. Alexander through Mr. Sutton (or for that matter, Mr. Alexander himself) is invalid and unable to adequately establish consent to the notice of removal. Even the relaxed demands of *Harper* require this result.

Until this point, the Court has assumed for the purpose of analysis the threshold issue of whether a defendant, in this case Outdoor, was even required to consent to removal. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). However, the Sixth Circuit has excused noncompliance with the rule of unanimity in certain situations, one of which is applicable here. A defendant who has not been served with process at the time the notice of removal is filed need not join in the notice of removal. *See Klien v. Healthcare Corp.*, 19 F.3d 1433, 1994 WL 91786, n. 8 (6th Cir. 1994) (per curiam) (table opinion); *Milter v. Wright Medical Group, Inc.*, No. 11-cv-11353, 2011 WL 4360024, at *2 (E.D. Mich. Sept. 19, 2011) ("Under a well-known exception to the unanimity requirement, a defendant who has not been served with process at the time of removal is filed need not join in the notice of removal.").

In its original Order, the Court relied upon Millennium's statement that Outdoor and Hunting had not yet been served with the Complaint. (DE 12, at 1). And with good reason— that is what every affidavit submitted by Millennium stated. (DE 1-1, at 2; DE 11-1, at 2; DE 11-2, at 1]. Polston did not refute these statements. (DE -9-1, at 5) ("Finally, the safeguard envisioned in *Harper*—that a non-participating defendant will alert the Court if a movant seeking misrepresents the non-participating defendant's consent—is impossible in this case

15

considering that, according to Millennium's assertions, the non-participating defendants (Outdoor and Hunting) have not ever been served.") (emphasis added).

This rule would ostensibly apply here because, at the time Millennium filed its notice of removal, Outdoor had not yet been served. Thus, even if the above analysis is true—that Outdoor's consent was invalid—the Court could still decline to remand the case on the purported failure to comply with the rule of unanimity for a much simpler reason: Outdoor was not served with the complaint.

But there is a problem here, too. Polston is now seeking an entry of default. That entry of default is based on Polston's representation that he properly served Outdoor with process on January 15, 2016—eleven days before the action was removed on January 26, 2016. (DE 22, ¶¶ 4-7).

Polston's service of process was properly effected on Outdoors on January 15, 2016 pursuant to K.R.S. § 454. 210. In Kentucky, a "summons is deemed served upon return even without a signed return receipt." *See Ashford v. Bollman Hat Co.*, No. 10-cv-192, 2011 WL 127153, at *2 (E.D. Ky. Jan. 14, 2011) (citing *Haven Point Enters., Inc. v. United Ky. Bank, Inc.*, 690 S.W.2d 393, 395 (Ky.1985) (holding that a signed, returned receipt is not necessary from the addressee as part of the return by the Secretary of State)). *See also Davis v. Wilson*, 619 S.W.2d 709, 710–11 (Ky. Ct. App. 1980) (finding proper service pursuant to the long-arm statute even though the envelope containing the summons was returned to the Secretary of State marked "unclaimed") (citing *Cox v. Rueff Lighting Co.*, 589 S.W.3d 606, 607 (Ky. Ct. App. 1979)).

The Mississippi Secretary of State's website lists the members for Outdoor as Jimmy Edwards and Billy Alexander. Billy Alexander is listed as the Registered Agent. (DE 25-1). Polston sent the complaint to the address listed on the Mississippi Secretary of State's website, and the Kentucky Secretary of State returned the undelivered letter to the Pulaski

16

Circuit Court on January 15, 2016. Accordingly, pursuant to K.R.S. § 454.210, Outdoor was properly served on January 15, 2016.

Because Outdoor did not plead or otherwise defend the action, it appears to be in default.[4]

Therein lies the rub. Polston did what he was required to do to effectuate service, and, therefore, entry of default seems appropriate. But, if the Court were to enter default against Outdoor, it would rely upon a fact that Polston presumably knew before he filed his motion to remand (DE 22, ¶¶ 4–7).

And so the dominos fall. That Polston served process before the notice of removal means that Outdoor is no longer exempted from the rule of unanimity. *See Klien*, 19 F.3d 1433, 1994 WL 91786, n. 8. Because Outdoor was a party at the time of removal, Millennium needed Outdoor's consent to satisfy unanimity. Millennium did not obtain valid consent from Outdoor because Outdoor never consented through an attorney acting on its behalf. And, without unanimity, removal must fail. The Court cannot acknowledge a fact in one instance to give relief but ignore the consequences it has for the entirety of the case.

***

The burden is on the non-removing party to raise issues with timeliness and procedural requirements related to removal within thirty days of the filing of notice of removal. *Onder v. Kentucky State University*, No. 3:11-cv-45, 2011 WL 6009643, at *2 (E.D. Ky. Dec. 1, 2011) (citing *Grudzinski v. Staren*, 87 F. App'x 508, 512 (6th Cir. 2004). However, the Court believes that Polston did sufficiency raise the unanimity issue in its motion to remand. Specifically, Polston argued:

> The non-participating defendants (Outdoor and Hunting) have failed to express any independent acknowledgment of consent to this action being in federal court . . . . Moreover, Barry Sutton's statements that he was told by a representative of Hunting and Outdoor that they consent to removal by

---

[4] Even if the Court were to consider Mr. Edwards' letters (which it cannot), Outdoor would still need to demonstrate excusable neglect required by Rule 6(b)(1)(B) to ward off default.

17

>Millennium are too remote to satisfy the threshold of establishing consent to removal by all named defendants.

(DE 9-1, at 5). Though not directly raising the issue of Outdoor's inability to consent through a non-attorney, Polston's opposition to removal did all but state the rule. Indeed, Polston's opposition to removal and his pleadings did empower this Court to consider Outdoor's role in the removal procedure and base its reason for denial of remand the rule of unanimity.

Although a district court must remand a case if it lacks subject matter jurisdiction, the court is not required to raise issues of timeliness or other procedural requirements *sua sponte. See Onder,* 2011 WL 6009643, at *2. And, as Millennium and Hunting remind, "§ 1447(c) does not authorize *sua sponte* remands for purely procedural defects." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995). Here, however, the Court is not swooping in to correct a procedural error that Polston missed, it is correcting it an error it made in its initial consideration of the matter. Because Polston did sufficiently raise the issue and moved to remand based on the procedural defect in the removal, a court must strictly construe the statutory procedures for removal, with "any doubts concerning jurisdiction [being] resolved in favor of remand." *Id.* at *2 (citing *Sygenta Crop Prot., Inc v. Henson*, 537 U.S. 28, 32 (2002)). That Polston did effect service triggers the need for unanimity. And because this Court's original opinion did not fully consider the implications that flow from that revelation—i.e., that Outdoor has never been represented by counsel—the procedural defects in this case have, to this point, gone unaddressed. It is now clear that Millennium's removal was predicated on ineffectual consent and that the rule of unanimity has not been satisfied. With these doubts concerning jurisdiction, the Court will remand this action to the Circuit Court of Pulaski County Kentucky.

Accordingly, it is hereby **ORDERED** as follows:

(1) The Court's prior Opinion and Order (DE 12) is **SET ASIDE**;

(2) This matter is **REMANDED** to the docket of the Pulaski County Circuit Court;

(3) All remaining motions are **DENIED AS MOOT**; and

(4) This case is **STRICKEN** from the Court's active docket.

Dated March 6, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY